# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**JENNY AUSTIN**                                                         **PLAINTIFF**

**V.**                          **NO. 3:22-CV-00100-JTK**

**SOCIAL SECURITY ADMINISTRATION**                 **DEFENDANT**

## ORDER

Pending before the Court is Plaintiff's Rule 60(b) motion to set aside the order entered on April 17, 2023.[1] (Doc. No. 20, 22). In that order, the Court affirmed the decision of the ALJ to deny social security benefits, finding that Austin could perform jobs identified by the Vocational Expert ("VE"). Austin contends that she could not perform the reaching requirements of those jobs and that the ALJ did not resolve the alleged conflict between the testimony of the VE and the Dictionary of Occupational Titles ("DOT"). The points that Plaintiff raises are really no different than what she raised in her opening brief.

The ALJ assigned an RFC calling for no more than occasional overhead

---

[1] Federal Rules of Civil Procedure section 60(B)(1) sets forth that the Court may relieve any part of its final order on the ground of mistake. F.R.C.P. 60(b)(1). The Court may set aside judgment upon an adequate showing of exceptional circumstances. It is an extraordinary form of relief. *Kansas Pub. Emp. Ret. Sys. v. Reimer & Kroger Assoc., Inc.*, 194 F.3d 922, 925 (8th Cir. 1999); *Clarke v. Burkle*, 570 F.2d 824, 830-831 (8th Cir. 1978).

reaching, and the DOT jobs identified by the VE require frequent overhead reaching. Austin argues that this presented an insurmountable conflict.

Before relying on VE evidence to support a determination that a claimant is not disabled, the ALJ has an affirmative responsibility to ask about "any possible conflict" between VE testimony and the DOT, and to obtain an explanation for any such conflict. *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007).

The ALJ here did ask the VE to resolve any underlying conflicts (Tr. at 133), and the VE specifically addressed reaching, stating:

> Your Honor, let me just first address that occasional overhead reach, which that limitation is not specifically addressed in the DOT. My answer is based on how the jobs described in the DOT [are] being performed and I use my knowledge, training, education, and experience to equate it within your hypotheticals.

(Tr. at 134-135). The ALJ then directly addressed this response in his opinion and found that the VE's explanation was sufficient. (Tr. at 28-29).

Austin states that the Court erred in failing to address the *Stanton* Eighth Circuit case. We will remedy that here. The Eighth Circuit held in that case that a VE's answer that his "experience" alone resolved the potential jobs conflict was not sufficient. More elaboration was required. The *Stanton* Court specifically wrote that the VE could have explained that he based his resolution of the conflict on

2

experience with the jobs in question. That is what the VE did here. She specifically pointed to her knowledge of how the particular jobs are performed. (Tr. at 134-135). The *Stanton* case is also distinguishable because it held that the VE may not have recognized the conflict at all. *Stanton*, supra. Both the ALJ and the VE did acknowledge and resolve the possible conflict here. It does not appear that the *Stanton* ALJ mentioned the conflict in his opinion, but the ALJ certainly did so in this case. (Tr. at 28-29). Both the ALJ and VE did a much better job in this case of dealing with the alleged conflict.

The Court agrees with Defendant that the more recent *Twyford* case applies here. *Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d 512, 519 (8th Cir. 2019). In that case, which specifically addressed an overhead reaching conflict, the Eighth Circuit found that a VE may use his experience to explain the conflict. *Id*.

The Court finds no mistake of law or manifest neglect that requires that the Order affirming the ALJ's decision be set aside.[2] The Motion (Doc. No. 22) is hereby DENIED.

---

[2] Austin makes a red herring argument that another job identified outstripped her abilities, but the ALJ did not use that job to make his finding. He is not required to adopt all of the hypotheticals posed; the RFC only incorporates limitations that the ALJ finds credible. *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005).

IT IS SO ORDERED this 13th day of December, 2023.

_____
UNITED STATES MAGISTRATE JUDGE